300 So.2d 261 (1974)
Larry Edward ZARSKY, Appellant,
v.
STATE of Florida and State of Florida Department of Highway Safety and Motor Vehicles, Appellees.
No. 44416.
Supreme Court of Florida.
June 19, 1974.
Rehearing Denied October 7, 1974.
*262 Donald I. Bierman, of Bierman & Sonnett, Miami, for appellant.
Edwin E. Strickland, Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellees.
BOYD, Justice.
This cause is before us on appeal from a decision of the District Court of Appeal, Third District, denying Appellant's petition for writ of certiorari.[1] In its opinion, the District Court passed upon the validity of Sections 322.264[2] (Habitual traffic offender defined) and 322.27(5)[3] (Authority of department to suspend or revoke license), Florida Statutes, F.S.A., giving this Court jurisdiction of the direct appeal under Article V, Section 3(b)(3) of the Constitution of the State of Florida, F.S.A.
The facts of the case are as follows: On November 15, 1971, Appellant had his driving privilege suspended for a period of one (1) year for the accumulation of 24 points within thirty-six months, in compliance with the provisions of Section 322.27(2)(c),[4] Florida Statutes, F.S.A. On November 17, 1971, Appellant filed his petition for writ of certiorari in the Dade County Circuit Court; since this petition operated as a supersedeas to Appellant's *263 suspension, Appellee set aside the suspension order pending the decision of the Court. Thereafter, Appellant continued to violate the traffic laws, receiving and being convicted of six (6) additional traffic violations between the period of January 25, 1972, and January 23, 1973; of these violations, four (4) occurred after the effective date (July 1, 1972) of the Habitual Offender Act, and two (2) convictions occurred after that effective date. After the Circuit Court dismissed Appellant's petition for lack of prosecution, Appellee re-issued its order of suspension, effective January 23, 1973, for a period of eleven (11) months, giving Appellant credit for one (1) month's time served. On January 26, 1973, Appellant requested an administrative hearing, which was held on February 6, 1973. The hearing officer found that Appellant was in violation of Section 322.264, Florida Statutes, F.S.A., and was a "habitual traffic offender" in that within a five (5) year period, he had received 15 convictions for moving traffic offenses for which points were assessed: as a result, Appellee suspended Appellant's driving privilege effective February 22, 1973, for a period of five (5) years.
In the District Court, Appellant challenged the constitutionality of Sections 322.264 and 322.27(5), Florida Statutes, F.S.A., alleging that they: deny substantive due process; are not reasonably related to the health, safety, welfare, or morals of the people; constitute a denial of equal protection; operate in an ex post facto fashion; and constitute a cruel and unusual punishment. Without offering "extended comment" on the matter, the District Court found these contentions to be without merit, holding the statutes to be constitutional. We agree.
This Court has long held the view that reasonable regulation of an individual's right to drive is in the interest of public good.[5] In Thornhill v. Kirkman,[6] this Court not only pointed out that the liberties guaranteed by the Bill of Rights, not being absolute, may be regulated in the public interest but also added the observation that, if the holder of a driver's license "cannot demean himself as a careful user, considerate of the rights of others to do likewise, he becomes a public nuisance and should be excluded temporarily or permanently from their use." It has been stated that revocation of a driver's license is not regarded as punishment (cruel, unusual or otherwise) of the offender but as an aspect of protecting the public.[7]
An examination of the standard for defining a habitual traffic offender discloses that it is a reasonable one which bears a significant relationship to the purpose sought.[8] It appears that this standard is applicable to all licensees, and that the statute does not give a benefit to one class of individuals which is not applicable to another group of individuals similarly situated: i.e., all licensees receiving 15 convictions for moving traffic violations for which points may be assessed[9] are treated in the same manner in that their privilege to operate a motor vehicle on the Florida highways is revoked for a period of five (5) years. Such suspension of a driving privilege is a civil administrative act in compliance with legislative mandate dealing with a privilege as opposed to a right.
In conclusion, we note that this Court has previously upheld the habitual offender statutes against attack as ex post facto *264 laws,[10] ruling that a statute is not considered an ex post facto law merely because it provides enhanced punishment for subsequent offenses. We observe that in the instant case, Appellant admits that he not only received but was convicted on two traffic offenses after the July 1, 1972, effective date of the Habitual Traffic Offender Act.
Accordingly, the order of the District Court of Appeals, Third District, is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Zarsky v. State, 281 So.2d 553 (Fla.App. 1973).
[2] "An `habitual traffic offender' is any person whose record, as maintained by the department of highway safety and motor vehicles, shows that such person has accumulated the convictions for separate offenses described in subsections (1), (2) and (3), committed within a five-year period: ...

"... (2) Fifteen (15) convictions for moving traffic offenses for which points may be assessed as set forth in section 322.27, Florida Statutes, including those offenses in subsection (1)."
[3] "(5) The department shall revoke the license of any person designated an habitual offender, as set forth in section 322.264, and such person shall not be eligible to be relicensed for a minimum of five (5) years from the date of revocation. Any person whose license is revoked may, by petition to the department, show cause why his license should not be revoked."
[4] "(2) There is established a point system for evaluation of convictions of violations of motor vehicle laws or ordinances for the determination of the continuing qualification of any person to operate a motor vehicle. The department is authorized to suspend the license of any operator ... upon showing of its records or other good and sufficient evidence that the licensee has been convicted of violation of motor vehicle laws or ordinances amounting to twelve or more points as determined by the point system. The suspension shall be for a period of not more than one year.

* * * * *
"(c) When a licensee accumulates twenty-four points, including points upon which suspension action is taken under paragraphs (a) and (b), within a thirty-six month period, the suspension shall be for a period of not more than one year."
[5] City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959).
[6] 62 So.2d 740 (Fla. 1953).
[7] Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957).
[8] Section 322.264, Florida Statutes, F.S.A.
[9] Section 322.27(2)(d), Florida Statutes, F.S.A.
[10] Washington v. Mayo, 91 So.2d 621 (Fla. 1956); Cross v. State, 96 Fla. 768, 119 So. 380 (1928).