297 So.2d 128 (1974)
Ervin Harold WHEELER, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 74-315.
District Court of Appeal of Florida, Second District.
July 3, 1974.
Law Offices of Robert W. Pope, St. Petersburg, for petitioner.
Edwin E. Strickland, Tallahassee, for respondent.
GRIMES, Judge.
This is a petition for writ of certiorari from an order entered by the Department of Highway Safety and Motor Vehicles denying petitioner's request for reinstatement of his driver's license.
On October 29, 1973, respondent issued an order revoking petitioner's driver's license for a period of five years under the provisions of § 322.27(5), F.S.A. The revocation was predicated upon petitioner having been convicted of fifteen moving traffic offenses during a five year period so as to become an Habitual Traffic Offender as defined under § 322.264, F.S.A. The revocation was effective November 3, 1973. On November 12, 1973, petitioner requested a hearing to show cause why his license should be revoked. A hearing was held on February 5, 1974, and on February 13, 1974, respondent denied reinstatement of petitioner's driver's license.
The petitioner's primary contention is that he was not afforded a hearing prior to the revocation of his driver's license. Petitioner recognizes that the Florida Supreme Court has previously upheld the revocation of a driver's license under the "point system" established by § 322.27(2), F.S.A., without a presuspension hearing.[1] However, petitioner argues that by reason of subsequent decisions of the United States Supreme Court, the revocation of a driver's license without a prehearing constitutes a denial of procedural due process in violation of the Fourteenth Amendment.[2]
In Goldberg, the Supreme Court held that state welfare benefits could not be terminated without first affording the welfare *129 recipient a pretermination hearing. In Bell, the court applied similar reasoning so as to require a hearing prior to the suspension of a driver's license under the Georgia Financial Responsibility Law. The rationale in Jones and Thornhill was that driving is a privilege and, as such, the suspension of a license based on an accumulation of excessive points without a prehearing was a reasonable restriction attached to the continued enjoyment of the privilege of driving. However, in Bell the U.S. Supreme Court said:
"... Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment... . This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a `right' or a `privilege.' ..."
The court concluded that:
"... [I]t is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford `notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective. .. ."
Some distinction can be made between the suspension under the Georgia Financial Responsibility Act and the suspension or revocation under § 322.27, F.S.A.[3] However, we believe that if the issue of prehearings under § 322.27 were revisited in the Florida Supreme Court in light of Bell, a result different than Jones and Thornhill might now obtain.[4]
Subsection (5) of the statute, which relates to habitual offenders, provides in part:
"... Any person whose license is revoked may, by petition to the department, show cause why his license should not be revoked."
Since there is no suggestion that this provision cannot be invoked prior to revocation, we do not believe the subsection is unconstitutional on its face. As applied to petitioner in this case, it might be, were it not for the fact that petitioner ultimately had the hearing upon which he insists and the arguments which he made at the hearing were properly rejected.[5] Hence, the petitioner's complaints in this case are moot.
We have taken the trouble to write this opinion because when presented with a complaint alleging no opportunity for a prerevocation or presuspension hearing by one who has never had a hearing either before or after the fact, we think it likely that a court might now hold the prehearing to be constitutionally necessary.[6] We see nothing in § 322.27, F.S.A. which would *130 preclude the Department from forestalling this possibility by permitting a presuspension or prerevocation hearing, and under subsection (2)(h), the Department would appear to have the authority to provide for such.[7]
The petition for certiorari is denied.
HOBSON, A.C.J., and McNULTY, J., concur.
NOTES
[1] Jones v. Kirkman, Fla. 1962, 138 So.2d 513; Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740.
[2] Bell v. Burson, 1971, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.
[3] But see Reese v. Kassab (W.D.Pa. 1971), 334 F. Supp. 744, in which a three judge district court ruled that the Bell requirement for a hearing prior to the suspension of a driver's license now applies to the "point system" in the State of Pennsylvania.
[4] An attack against the Habitual Traffic Offender law on other grounds was recently rejected in Zarsky v. State, Fla. 1974, 300 So.2d 261, Opinion filed June 19, 1974.
[5] A person threatened with the revocation of his license under § 322.27(5) is only entitled to raise at the hearing such matters as those which relate to whether or not he, in fact, was the recipient of fifteen moving traffic offenses within the applicable time period. He cannot attack the sufficiency of the convictions themselves. See Reese v. Kassab, supra.
[6] A prehearing should not be confused with that provided in § 322.271 in which all those whose licenses have been suspended or revoked, excepting habitual traffic offenders, are permitted a hearing for the purpose of attempting to have their licenses restored on a restricted basis due to hardship.
[7] For example, if the order of suspension or revocation provided that it would not become effective for twenty days and specified that the driver could in the meantime, upon request, have a show cause hearing, we do not see how anyone could complain of a lack of procedural due process.