PER CURIAM.
Respondent, State of Florida, Department of Highway Safety and Motor Vehicles, appeals a circuit court order granting certiorari, thereby temporarily reinstating Bernard Brownstein’s driving privileges, which had been suspended.
The sole question is whether the circuit court erred in granting the writ of certiora-ri in the absence of the record showing that the Department acted without jurisdiction or failed to follow the essential requirements of law when it revoked Brownstein’s driving privileges and denied reinstatement of such privileges. We reverse.
In May, 1972, Brownstein’s driving privileges were suspended by the Department as authorized by Section 322.27, Florida Statutes. Shortly thereafter, he filed a petition for certiorari in the circuit court seeking review of his suspension. In 1974, his petition was dismissed by the circuit court pursuant to Rule 1.420(e), Fla.R.Civ.P., for lack of prosecution.
Between 1972 and 1974, Brownstein continued his bad driving habits and accumulated additional driving convictions while driving his car during the revocation period. The Department entered an order in September, 1974, revoking Brownstein’s driving privileges for a period of five (5) years as an habitual offender, as authorized under Section 322.27(5), supra. Brownstein then requested and received an administrative hearing from the Department seeking reinstatement of his driving privileges. In July, 1976, after hearing, his petition was denied. Brownstein then filed his petition for certiorari, the order on which is here on review.
Brownstein’s petition for certiorari in the circuit court alleges that Sections 322.264, 322.27(5) and (6), and 322.271, Florida Statutes, known as the Florida habitual traffic offender act, are unconstitutional. The circuit court in its order granting certiorari, did not pass on the constitutionality of these statutes, but simply granted temporary driving privileges for working purposes for ten (10) hours per day, seven (7) days per week.
The habitual traffic offender act was held to be constitutional in Zarsky v. State, 300 So.2d 261 (Fla.1974); Abraham v. State, 301 So.2d 11 (Fla.1974).
Viewing the entire record, we conclude that the Department did not act without jurisdiction or depart from essential requirements of law.
Reversed.