489 So.2d 1168 (1986)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY and MOTOR VEHICLES, Appellant,
v.
David Lee VOGT, Appellee.
No. 85-1429.
District Court of Appeal of Florida, Second District.
May 23, 1986.
Rehearing Denied June 23, 1986.
*1169 Enoch J. Whitney, Gen. Counsel, and Suzanne G. Printy, Asst. Gen. Counsel, Tallahassee, for appellant.
Harold R. Busch of Steves, Busch & Cole, Sarasota, for appellee.
DANAHY, Judge.
The County Court for Sarasota County certified the following question to this court as one of great public importance:
WHETHER, WHEN A COUNTY JUDGE HAS DECLARED THAT A PRIOR CONVICTION FOR DRIVING UNDER THE INFLUENCE CANNOT BE USED TO ENHANCE THE PENALTIES CONCERNING SUSPENSION AND REVOCATION OF LICENSES AS PRESCRIBED IN SECTION 322.28, FLORIDA STATUTES (1984), AND WHEN THE JUDGE TREATS A DEFENDANT AS A, "FIRST TIME OFFENDER", AND SUSPENDS THE LICENCE [sic] FOR A TIME CERTAIN OF SIX MONTHS, THE DEPARTMENT OF MOTOR VEHICLES CAN NEVERTHE-LESS [sic] CONSIDER THE PRIOR "D.U.I." AND SUSPEND OR REVOKE THE LICENSE FOR THE MAXIMUM TIME OF FIVE OR TEN YEARS.
We accepted jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160. We answer the certified question in the affirmative and reverse the order of contempt in which the question is certified.
These proceedings began when the appellee (Vogt) was charged with driving under the influence (DUI) as defined in section 316.193, Florida Statutes (1983). Vogt pled nolo contendere and was adjudicated guilty. The judge was made aware that Vogt had a previous conviction on a DUI charge to which Vogt had pleaded nolo contendere or guilty. The judge determined that Vogt's plea to the prior charge was without benefit of counsel and without a knowing and intelligent waiver of the right to counsel. He then ruled that the prior conviction "could not be used to enhance the DUI penalties, as such use would be prohibited under Baldasar v. Illinois, 446 U.S. 222 [100 S.Ct. 1585, 64 L.Ed.2d 169] (1980)."
Thereupon, the judge sentenced Vogt as if his current DUI conviction were his first DUI conviction. He ordered Vogt's driver's license revoked for a period of six months pursuant to section 322.28(2), Florida Statutes (1983), which specifies that upon a first conviction for DUI, the offender's driver's license or driving privilege shall be revoked for not less than 180 days or more than one year.
Thereafter Vogt paid the fine imposed upon him, attended and completed DUI school, and performed the fifty hours of community service required of him. At the end of six months, he requested the appellant (the Department) to return him his driver's license on the ground that the period of revocation had expired. In the meantime, however, the Department had checked its records and found Vogt's prior DUI conviction. Accordingly, the Department had revoked Vogt's driver's license for five years in accordance with section 322.28(2)(a)(2), which specifies that upon a second DUI conviction, the driver's license *1170 of the offender shall be revoked for not less than five years.
Vogt then chose to go back to the County Court for relief. He filed in that court a "Motion and Affidavit for Rule to Show Cause," reciting the fact that the Department had refused to return his driver's license. The judge issued an order directed to James Thornton, Supervisor with the Department's licensing division, requiring him to show cause why he should not be held in contempt of court for failure to issue a driver's license to Vogt, contrary to the order of the County Court.
The Department responded to the order to show cause and submitted a memorandum of law to the judge. After a hearing on the matter, the judge issued an order of contempt, from which the Department has brought this appeal and in which the above question was certified. The order recites the proceedings which had been taken with respect to Vogt's DUI charge, including the judge's determination that his present conviction should be considered his first conviction for purposes of determining penalties, and then found that the Department had interfered with the administration of the court by ignoring the court's sentence and that such willful interference was indirect contempt of court. The judge specifically stated in his order that in Florida, license revocation attendant to a DUI conviction is not administrative but is both judicial and punitive in nature. That conclusion is incorrect.
The key to the decision we reach in this case is the recognition that the revocation of a driver's license, which is mandatory under section 322.26, Florida Statutes (1983), when the holder of the license has been convicted of DUI, is not part of the sentence imposed for the DUI offense. The legislative scheme pertaining to driver's license revocation was explained by our supreme court in Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957). In that case the court considered a constitutional challenge to the statutory provision in section 322.25(2), Florida Statutes (1955), which provided that "every ... court having jurisdiction over offenses committed under this chapter, or any other chapter of this state regulating the operation of motor vehicles on highways, shall forward to the Department a record of the conviction of any person in said court for a violation of any said laws, and shall suspend or revoke in accordance with the provisions of this chapter, the operator's or chauffeur's license of the person so convicted." (Emphasis supplied.) That same provision appears today in section 322.25(2), Florida Statutes (1985).
In Smith the supreme court pointed out that it is the aspect of protecting the public, rather than as punishment for the offender, that courts have unanimously recognized as justification for revoking drivers' licenses upon conviction of certain offenses. The court observed that the offender might feel the pain of the loss of a valuable privilege but said that the imposition of pain is not the objective of this law; on the contrary, its primary purpose is to protect the public. The court then said:
We have shown that revocation of a driver's license is not regarded as punishment of the offender. Under the applicable statute, it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses... . When made mandatory by statute, the actual revocation of the license is a mere ministerial or administrative function as distinguished from the exercise of judicial discretion. In revoking the license of the offender, the municipal judge merely follows the mandate of the statute as the administrative representative of the State Department of Public Safety at the municipal level. He has no discretion to exercise. (Citations omitted.)
Id. at 107.
Of course, in the twenty-nine years since the decision in the Smith case, chapter 322 has been amended a number of times. However, we see nothing in the current statutes which indicates any change in the legislative scheme as it was described by the supreme court in that case. We believe the statements of the supreme court in Smith v. City of Gainesville *1171 are fully applicable today and we apply them in this case. Thus we hold that the judge of the County Court had no authority to make a determination binding on the Department that Vogt's current conviction must be considered his first conviction for purposes of determining the length of his driver's license revocation. It must follow, therefore, that the Department could not be found in contempt of an order not binding upon it.
When Vogt chose to file a motion in the County Court to hold the Department in contempt, he pursued the wrong remedy. He should have sought certiorari review of the Department's action by the Circuit Court pursuant to section 322.31, Florida Statutes (1985). See Mellon v. Cannon, 482 So.2d 604 (Fla. 5th DCA 1986).
Having answered the certified question in the affirmative and having found that the order of contempt under review is in error, we reverse.
SCHEB, A.C.J., and SCHOONOVER, J., concur.