## STATE OF FLORIDA v HARTMAN
### Case No. 48212-KA
County Court, Volusia County
November 19, 1986

**APPEARANCES OF COUNSEL**

**Ben Fox,** Assistant State Attorney, for plaintiff.
**Richard S. Rhodes** for defendant.

**OPINION OF THE COURT**

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion to Set

Aside a Plea of No Contest made on December 20, 1982 to the charge of D.U.I. upon the grounds that the defendant did not knowingly, intelligently or voluntarily plea with the knowledge of the consequences of the plea because the defendant was informed at the time of the entry of the plea, that his license would be suspended for nine (9) months, when in fact, his license was suspended for life by the Department of Highway Safety and Motor Vehicles.

On December 20, 1982, the Court imposed a total fine of $1000.00 plus court costs and three (3) months in the County Jail, with the further stipulation between the Assistant State Attorney and defense counsel that the defendant's license be suspended not to exceed nine (9) months, there being a question as to whether the "old" law or "new" law applied to the defendant as to the period of suspension (see page 2 Transcript of Proceedings 12/20/82).

However, based upon the defendant's driving record, the Department of Motor Vehicles suspended the defendant's driving privileges for life. (The defendant has been arrested eleven (11) times in the past 18 years).

The defendant contends that had he known his driving privileges would be revoked for life, he would not have entered a plea of no contest to the D.U.I. charge.

Dispositive of the issue in this case is the case of *State of Florida, Department of Highway Safety and Motor Vehicles v. Vogt*, 489 So.2d 1168) where the Appellate Court held that although the trial court treated the defendant as a first offender D.U.I. because his uncounseled plea of guilty to a previous charge of D.U.I. would not count in enhancing his suspension of his driving privileges, suspended the defendant's driving privileges for six (6) months, nevertheless, the Department of Highway Safety and Motor Vehicles can consider the prior D.U.I. conviction and can suspend the defendant's driving privileges for five (5) years.

The Court in the *Vogt* case (supra) said:

"The key to the decision we reach in this case is the recognition that the revocation of a driver's license, which is mandatory under Section 322.26 F.S. (1983) when the holder has been convicted of D.U.I. *is not part of the sentence imposed for the D.U.I. offense.*" (underscoring supplied)

In *Smith v. City of Gainesville*, (93 So.2d 105 Fla. 1955), the Supreme Court of Florida said:

"We have shown that revocation of a driver's license is not regarded

98

as punishment of the offender. Under the applicable statute, it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses. . . . *When made mandatory by statute, the actual revocation of the license is a mere ministerial or administrative function as distinguished from the exercise of judicial discretion.*" (underscoring supplied)

The Supreme Court in *Smith v. City of Gainesville* (supra) concluded:

"True the recalcitrant law violator might feel the pain of the loss of a valuable privilege. However, the imposition of pain is not the objective of this law. On the contrary, its primary purpose is to relieve the public generally of the sometimes death dealing pain recklessly practiced by one who so lightly regards his license privileges."

As has been noted above, this defendant has been convicted eleven (11) times of D.U.I. If anyone deserves not to drive on the streets and highways of this State, this defendant is a prima candidate.

The defendant's remedy, if any, is to convince the Department of Highway Safety and Motor Vehicles that the "old" law applied to his driving privileges and not to "new" law.

IT IS THEREFORE,

ORDERED AND ADJUDGED that the defendant's Motion to Set Aside his Plea of No Contest to the charge of D.U.I. on December 20, 1982, be and the same is hereby denied.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 East Orange Avenue, Daytona Beach, Volusia County, Florida this 19th day of November, 1986.