## STATE OF FLORIDA v GODDU
### Case No. 99903-PU
County Court, Volusia County
July 19, 1990

**APPEARANCES OF COUNSEL**

**Ben Fox, Esquire,** Assistant State Attorney, for plaintiff.
**Michael H. Lambert, Esquire,** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came to be heard on June 22, 1990 pursuant to an evidentiary hearing on Defendant's Petition for Writ of Error Coram Nobis. The Court, upon consideration of testimony elicited, a review of the court file, argument by counsel, and research, finds as follows:

Defendant, on November 3, 1987, entered a plea of nolo contender

to an October 3, 1987 driving while license suspended or revoked charge. He was adjudicated guilty and a fine was imposed. Defendant's driving record revealed a March 5, 1984 driving under the influence conviction and on August 14, 1986 driving while license suspended or revoked conviction. The November 3, 1987 conviction qualified defendant for habitual offender status and a five year drivers license suspension. See § 322.264(1)(b) and (d) and 4322.27(5) *Fla.Stat.* (1987). Defendant's driving privileges were suspended on March 21, 1988; notice of said suspension was sent to the defendant on February 10, 1988.

The hearing on defendant's petition focused on the single issue of whether the trial court's failure to advise him of the potential of a five year driver's suspension as a habitual offender based on his November 3, 1987 plea entry prevented a voluntary plea.

It is initially clear that defendant waited approximately twenty six months after the imposition of the habitual offender suspension to challenge his 1987 plea entry by the instant extraordinary writ. The failure to file a timely application for coram nobis is a sufficient ground to deny such relief in the absence of good cause. *Ashley v State,* 433 SO.2d 1263 9Fla. 1st DCA 1983) and *Cayson v State,* 139 So.2d 719 (Fla. 1st DCA 1962) (six and one half month delay). Defendant herein has failed to show good cause for his delay. Such delay is a sufficient basis in and of itself to deny defendant's petition.

Notwithstanding the above, Fla.R.Crim.P. 3.172(C)9i) requires, prior to plea entry that a defendant understand the mandatory minimum and maximum possible penalties. A second driving while license suspended or revoked charge is a first degree misdemeanor punishable as provided in § 775.082 or 4775.083 *Fla. Stat.,* i.e., a term of imprisonment not exceeding 1 year and/or a fine not to exceed $1,000.00 Section 322.34(1) *Fla. Stat.* (1987).

It is defendant's position that the five year habitual suspension was a direct consequence of his November 3, 1987 plea entry constituting punishment. It should be initially noted that driver's license suspension is not regarded as punishment but is na administrative remedy for the public protection that mandatorily (See § 322.26 *Fla. Stat.*) follows conviction for certain offenses. *Smith v City of Gainesville,* 93 So.2d 105 (Fla. 1957); *Zarsky v State,2rf 300 So.2d 261 (Fla. 1974); and State Dept. of Highway Safety v Vogt,* 489 So.2d 1168 (Fla. 2d DCA 1986).

A trial court is not required to advise the accused of every collateral consequence which follows from a guilty plea. *Polk v State,* 405 SO.2d 758 (Fla. 2d DCA 1981). The distinction between direct and collateral

consequence of a plea turns on whether the result represents a definite immediate and largely automatic effect on the range of the defendant's punishment. *Zambuto v State,* 413 SO.2d 461 (Fla. 4th DCA 1982). See the cases cited in *Polk v State, supra,* for specific examples of collateral consequences of a plea entry.

This Court does not disagree with the defense's argued position that a license suspension for a driving under the influence conviction is a direct consequence of a guilty or nolo contender plea entry. The mandatory suspension period must be revealed to a defendant prior to a plea entry to assure a voluntary plea. Such suspensions are mandatory by virtue of § 322.26 *Fla. Stat.* The argument does not carry over to the instant case.

Habitual offender suspensions are not mandatory. They are authorized pursuant to § 322.27 *Fla. Stat.* Subsection five authorizes the defendant to petition the Department of Highway Safety and Motor Vehicles to show cause why his license should not be revoked, see also § 322.271(1)(b) *Fla. Stat.* which also gives a defendant a potential alternative to the five year suspension. This Court finds that a habitual suspension is not a mandatory, direct consequence of a guilty or nolo contender plea entry to a third potentially qualifying criminal traffic offense. The suspension is a collateral consequence for which the court is not required to advise to assure a voluntary plea. See *Blackshear v State,* 455 So.2d 55 (Fla. 1st DCA 1984) for an analogous situation.

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that the defendant's Petition for Writ of Error Coram Nobis is denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, FLorida this 19th day of July, 1990.