567 So.2d 49 (1990)
STATE of Florida, Appellant,
v.
Landon Todd WALTERS, Appellee.
No. 89-02873.
District Court of Appeal of Florida, Second District.
September 26, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Peter D. Ringsmuth, Fort Myers, for appellee.
RYDER, Acting Chief Judge.
The state challenges the trial court's order reducing sentence, whereby the court rescinded its previous order which revoked Landon Todd Walters' driver's license for life, pursuant to section 322.28(2)(e), Florida Statutes (1987), and ordered that the revocation be decreased to three years, pursuant to section 322.28(5)(a), Florida Statutes, (1987). The basis for the modification was that Walters had pled to a prior DUI without benefit of counsel, therefore, the prior DUI could not be used to enhance the penalty. We disagree and reverse because revocation of a driver's license is not a criminal punishment.
The state correctly argues that the trial court mistakenly applied the law that uncounseled guilty pleas to prior crimes cannot be used to enhance a subsequent criminal charge or sentence. The suspension of a defendant's driving privilege, pursuant to section 322.28(2)(e) is not a criminal punishment, but is strictly administrative. See Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957).
This court, on the authority of Smith, reversed the decision of the trial court for refusing to apply the statute on the basis that the first DUI conviction was uncounseled. Department of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla.2d DCA 1986). In Vogt, this *50 court held that revocation is an administrative remedy for the purpose of protecting the public and that the judge has no judicial discretion. Id. at 1170. Therefore, the uncounseled nature of the prior conviction can have no bearing on the court's duty to permanently revoke Walters' driving privileges. This conclusion is further supported by the language in section 322.28(2)(e) that places upon the Department of Highway Safety & Motor Vehicles the duty to suspend DUI offender's driving privileges for life if the court fails to perform its duty, within thirty days after sentencing.
We reverse and set aside the order to reduce sentence. Although we recognize that the Department has the authority to revoke Walters' driver's license pursuant to section 322.28(2)(e), inasmuch as we are reversing the trial court, we remand with instructions to the trial court to reinstate the previous order revoking Walters' driver's license for life, and for any further proceedings needed to accomplish the permanent revocation.
Reversed and remanded with instructions.
LEHAN, J. and LUTEN, CLAIRE K., Associate Judge, Concur.