## VEILLEUX v DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

### Case No. 91-0700-CA-01

Twelfth Judicial Circuit, Sarasota County

April 22, 1991

### APPEARANCES OF COUNSEL

**Robert N. Harrison, Esquire,** for plaintiff.

**Rafael E. Madrigal,** Assistant General Counsel, and **Donald E. Hartery Jr.,** Assistant State Attorney, for defendant.

### OPINION OF THE COURT

BARBARA B. BRIGGS, Circuit Judge.

### *FINAL DECLARATORY JUDGMENT*

THIS CAUSE came before the Court for final hearing on the 5th

day of April, 1991. The Court, having heard argument of counsel for both parties and being fully advised in the premises, finds as follows:

1. The Court has jurisdiction of the parties to the cause and the subject matter.

2. The Plaintiff, MICHAEL J. VEILLEUX's driver's license was suspended for 180 days on October 13, 1990, pursuant to F.S. 322.2615.

3. If the Plaintiff is convicted of driving under the influence as a result of his arrest on October 13, 1990, the sentencing judge revoking Plaintiff's license pursuant to section 322.28 cannot give "credit" for the period of suspension pursuant to section 322.2615. The effective date of the revocation must coincide with the date of conviction. There is no statutory or rule authority for the County Court to order a retroactive revocation of a driver's license.

4. Paragraph 2 of the prayer for relief is moot as a result of the response to paragraph 1 and is accordingly not addressed.

5. Paragraph 3 of the prayer for relief is answered in the negative. The sentencing judge's order of concurrent, consecutive or retroactive revocation of the Plaintiff's driving privilege is not binding on the DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES.

6. Paragraph 4 of the prayer for relief is answered in the negative. The administrative suspension under section 322.2615 is a separate and distinct result from a revocation upon conviction under section 322.28. No "credit time" is appropriate or required. There is no violation of the Plaintiff's constitutional rights.

The DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES does not "penalize" the Plaintiff with suspension of driving privileges upon arrest for driving under the influence pursuant to section 322.2615. Courts have held that the purpose of section 322.28 is to protect the public from intoxicated drivers and not to punish the offenders. Revocation of a driver's license is not part of the sentence imposed for the DUI offense. *Smith v City of Gainesville*, 93 So.2d 105 (Fla. 1957); *State Department of Highway Safety and Motor Vehicles v Vogt*, 489 So.2d 1168 (Fla. 2d DCA 1986).

DONE and ORDERED this 22nd day of April, 1991.