767 So.2d 666 (2000)
Steven Wayne SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-151.
District Court of Appeal of Florida, First District.
October 3, 2000.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant David Wayne Simmons.
Robert A. Butterworth, Attorney General; Laura Fullerton López, Assistant Attorney General, Tallahassee, for Appellee State of Florida.
PER CURIAM.
We conclude that the trial court erred in revoking the defendant's driver's license. Section 322.26, Florida Statutes authorizes a license revocation by the Department of Highway Safety and Motor Vehicles, not by the sentencing court. See Parker v. State, 655 So.2d 1308 (Fla. 1st DCA 1995); Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991); Crawford v. State, 651 So.2d 731 (Fla. 4th DCA 1995); State, Department of Highway Safety and Motor Vehicles v. Bell, 505 So.2d 472, 474 (Fla. 2d DCA 1987)(holding that the trial court simply has the responsibility to send the defendant's driver's license to the Department along with a copy of the record of conviction). Whether the defendant has the requisite number of prior convictions to justify a permanent revocation is also for the Department. See State, Department of Highway Safety and Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986). The defendant's sentence is reversed to the extent that it revokes the defendant's driver's licence and affirmed in all other respects.
BOOTH, ALLEN and PADOVANO, JJ., CONCUR.