BARFIELD, J.
 

 The Department of Highway Safety and Motor Vehicles (DMV) appeals an order denying DMV’s Motion to Intervene and Vacate Court’s Order. We affirm.
 

 
 *183
 
 In 1999, appellee Robert Crane entered a plea of no contest to a charge of driving under the influence (DUI). The plea agreement indicated he pled to “Count I; Offense DUI (3rd offense); Max/Min Penalty: 1 year/$2500.” The plea agreement stated it was with the understanding that the state agreed or did not object to the following disposition: “adjudication of guilt, six months driver’s license revocation, one year probation, ... stipulation 1981 Georgia conviction unproven for purposes of enhancement, deferment of report date up to court, county probation, random UA’s.”
 

 On October 11, 2007, appellee filed in circuit court a Motion to Clarify Sentence. He requested the trial court to enter an order correcting his criminal sentence, alleging:
 

 3. The Florida Department of Highway Safety and Motor Vehicles is requiring the wording of the plea to state exactly “Defendant’s prior 1981 Georgia conviction is not substantially similar and that conviction shall not be used for criminal enhancement purposes nor should it be considered as a prior conviction for the Department of Highway Safety and Motor Vehicles license suspension purposes.”
 

 4. The intent of the plea agreement remains the same.
 

 On October 31, 2007, the trial judge entered an order which stated:
 

 1. Defendant’s sentence is hereby corrected to read “Defendant’s prior 1981 Georgia DUI conviction is not substantially similar and that the conviction shall not be used for criminal enhancement purposes nor should it be considered as a prior conviction for the Department of Highway Safety and Motor Vehicles license suspension purposes.”
 

 2. All other provisions of Defendant’s judgment and sentence remain intact.
 

 On December 13, 2007, DMV filed a Motion to Intervene and Vacate the Court’s October 31 Order. DMV noted that appellee’s driving record reflected the 1981 Georgia infraction, and that his driving privilege was permanently revoked upon his fourth conviction for DUI in 1999. DMV asserted the trial court’s order conflicted with DMV’s statutory duties to permanently revoke the license of any driver convicted four times of DUI. DMV argued the trial court’s order should be vacated because the DMV was not a party and was unaware of the court’s rationale for determining that the Georgia statute at issue was not similar to Florida’s DUI laws. DMV also argued it was statutorily empowered to make an independent determination as to whether a conviction for an out-of-state alcohol related traffic offense was similar to DUI under Section 316.193, Florida Statutes. The trial judge denied DMV’s motion.
 

 On appeal, DMV argues it was denied due process of law and that the trial judge erred in denying its motion to intervene and vacate. We reject DMV’s arguments, because it is clear that the language in the modification order does not bind DMV to a determination that the Georgia infraction is not sufficiently similar for purposes of administrative license revocation.
 
 See Dep’t of Highway Safety and Motor Vehicles v. Gordon,
 
 860 So.2d 469, 471 (Fla. 1st DCA 2003),
 
 review denied,
 
 872 So.2d 899 (Fla.2004) (“Any bargain a defendant may strike in a plea agreement in a criminal case has no bearing on administrative consequences that flow from the defendant’s actions.... When a driver’s license revocation is made mandatory by statute, revocation is an administrative function rather than the imposition of a criminal sentence.... [A] criminal sentence is separate and distinct from a mandatory administrative revoca
 
 *184
 
 tion. Accordingly, the administrative revocation, which is designed to protect the public, cannot be negotiated away as part of a criminal sentence in a plea agreement.”) (Citations omitted).
 
 See also Simmons v. State,
 
 767 So.2d 666 (Fla. 1st DCA 2000) (“Whether the defendant has the requisite number of prior convictions to justify a permanent revocation is also for the Department.”);
 
 Department of Highway Safety and Motor Vehicles v. Vogt,
 
 489 So.2d 1168, 1170-1171 (Fla. 2d DCA 1986) (“[T]he revocation of a driver’s license, which is mandatory under section 322.26, Florida Statutes (1983), when the holder of the license has been convicted of DUI, is not part of the sentence imposed for the DUI offense.... When made mandatory by statute, the actual revocation of the license is a mere ministerial or administrative function as distinguished from the exercise of judicial discretion .... [T]he judge of the County Court had no authority to make a determination binding on the Department that Vogt’s current conviction must be considered his first conviction for purposes of determining the length of his driver’s license revocation. It must follow, therefore, that the Department could not be found in contempt of an order not binding upon it. When Vogt chose to file a motion in the County Court to hold the Department in contempt, he pursued the wrong remedy. He should have sought certiorari review of the Department’s action by the Circuit Court pursuant to section 322.31, Florida Statutes (1985).”).
 
 Cf. Department of Highway Safety and Motor Vehicles v. Grapski,
 
 696 So.2d 950, 951-952 (Fla. 4th DCA 1997) (“[Wjhen a requirement for reinstatement, such as enrollment in a DUI course, is made mandatory by statute, reinstatement is an administrative function over which the trial court has no discretion.... We reverse because the trial court lacked the authority to order the department to reinstate Grapski’s license without requiring him to enroll in the statutorily required advanced driver improvement or substance abuse education course.”).
 

 AFFIRMED.
 

 THOMAS and CLARK, JJ., concur.