*In re* PROBASCO.

1. MOTOR VEHICLES—OPERATOR'S LICENSE—REVOCATION.

Act No. 91, § 18, Pub. Acts 1931, requiring department of State to revoke motor vehicle operator's license after conviction of certain named crimes, including driving while under the influence of an intoxicating liquor or narcotic drug, when interpreted in connection with sections 20 and 21, as amended by Act No. 196, Pub. Acts 1933, permitting circuit court to confirm, modify or set aside such revocation after a hearing *de novo*, does not constitute an obligatory and unalterable revocation of an operator's license in such cases for not less than one year.

2. SAME—UNFITNESS TO OPERATE—CONVICTION OF CRIME.

Conviction of certain named crimes, including operation of motor vehicle while under the influence of an intoxicating liquor or narcotic drug, is conclusive upon department of State as to offender's unfitness to operate a motor vehicle (Act No. 91, § 18, Pub. Acts 1931).

3. SAME—OPERATOR'S LICENSES—REVOCATION—COURTS—PARDON.

Power of court to modify or set aside revocation of a motor vehicle operator's license does not amount to a pardon, since the revocation itself is not a criminal penalty and statute provides revocation is to stand only where no determination on the merits is applied for (Act No. 91, §§ 18, 20, 21, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933).

4. SAME—COURTS—HEARING ON REVOCATION OF OPERATOR'S LICENSE AN ORIGINAL PROCEEDING—JURISDICTION.

Hearing provided in circuit court as to mandatory revocation of motor vehicle operator's license is not an appeal from or review of action of department of State but is an original proceeding of which the circuit court must take jurisdiction (Act No. 91, § 20, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933).

FEAD and BUTZEL, JJ., dissenting.

Appeal from Ionia; Hawley (Royal A.), J. Submitted July 31, 1934. (Calendar No. 37,964.) Decided December 10, 1934.

Petition by Harry O. Probasco to set aside suspension of his motor vehicle operator's license. Petition denied. Plaintiff reviews by appeal in the nature of mandamus. Writ allowed.

*Patrick H. O'Brien,* Attorney General, *Francis K. Young,* Assistant Attorney General (*Thomas J. Bailey, Jr.,* of counsel), for the people.

*George E. Nichols,* for petitioner.

Edward M. Sharpe, J. On April 13, 1934, before James Quayle, justice of the peace of the city of Corunna, Shiawassee county, Michigan, the petitioner pleaded guilty to a charge of driving an automobile while intoxicated. He was given the minimum penalty of $50 fine and costs. In accordance with statute, the record of this conviction was reported to the secretary of State, who revoked petitioner's operator's license.

On May 5, 1934, petitioner filed his petition in the circuit court of Ionia county under Act No. 91, § 20, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933, for a hearing on the matter of the revocation of his driver's license. This petition came on for hearing on May 26, 1934, and was dismissed by the circuit judge on the grounds that no judicial question is involved, the statute being mandatory and the action of the secretary of State purely ministerial; and that any judicial review provided by the statute as to mandatory revocation of licenses is no more than an unconstitutional attempt of the legislature to grant pardoning power to the courts.

The petitioner, having obtained this court's leave to appeal, brings this motion for a mandamus to compel the circuit judge to grant petitioner a hearing on the merits. The attorney general has filed a brief supporting the constitutionality of the statute.

The relevant sections of the operators' license act, Act No. 91, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933, read as follows (the parts added by the amendment are italicized):

"SEC. 18 (a) The department shall forthwith revoke the license of any person upon receiving a record of the conviction of such person of any of the following crimes.  * * *

"(2) Driving a vehicle while under the influence of an intoxicating liquor or a narcotic drug.  * * *

"SEC. 20. Any person denied a license *to operate a motor vehicle* or whose license *for such purpose* has been revoked or suspended by the *secretary of State under the provisions of this act or any other law of this State* shall have a right to file a petition for a hearing in the matter in a *circuit* court in the county wherein such person shall reside, and such court is hereby vested with jurisdiction and it shall be its duty to *enter an order setting* the *cause* for hearing *for a day certain in not to exceed thirty days from the date of such order, such order, together with a copy or copies of the petition and all supporting affidavits, shall be served by registered mail on the secretary of State and commissioner of public safety at least ten days before the date set for such hearing. On the hearing in said cause such court is hereby authorized* to take testimony and examine into *all* the facts *and circumstances incident thereto. Such court is further authorized to confirm, modify or set aside such order of suspension, revocation or denial of such license.* (Prior to amendment, the act read "and to determine whether the petitioner is entitled to a license or subject to revocation or suspension or refusal of license under the provisions of this act.") *The order so made shall be duly entered and a certified copy thereof shall be forthwith filed with the secretary of State.*

"SEC. 21. Any person whose license is revoked under this act shall not be entitled to apply for or

receive any new license until the expiration of one year from the date such former license was revoked, *except as is provided by section twenty of this act.*"

This case does not involve any question of review by the courts of denials of operators' licenses or of revocations or suspensions of operators' licenses under the discretionary provisions of section 19 of the above act or under any other statute, and the present discussion will be confined to the powers and duties of the courts in relation to mandatory revocations under section 18.

We cannot agree with the interpretation of the court below that section 18, when construed with sections 20 and 21, requires an obligatory and unalterable revocation of operators' licenses in the named cases for not less than one year, or that section 20 vests the courts with pardoning power.

Act No. 91, Pub. Acts 1931, is, with slight changes, the uniform operators' and chauffeurs' license act, which has been adopted in a number of other States. Section 20 in the uniform act, and as adopted by other states, reads, "Any person denied a license or whose license has been revoked by the department *except where such revocation is mandatory under the provisions of this act*," etc.

The omission in the Michigan act of the italicized clause is significant and, together with the 1933 amendment to section 21, resolves any doubts as to the intention and purpose of the legislature. The united effect of the three sections above quoted is to require the department of State to revoke the operator's license of any person convicted of any of certain named crimes, but at the same time to empower the circuit court to confirm, modify or set aside such revocation after a hearing *de novo* upon proper petition. In other words, the legislature made the

conviction of certain offenses, so far as the department of State is concerned, conclusive as to the unfitness of the offender to operate a motor vehicle; but alleviated the arbitrariness which would result from such a provision standing alone by the further provision that the circuit court may, upon proper petition, examine into the facts and circumstances of any particular case and give relief if called for. In this way it was no doubt thought that individual injustices might in large measure be avoided, while the cost of the proceeding would be a deterrent to any considerable amount of litigation. Furthermore, by using existing local machinery, the legislature was attempting to provide a convenient method of hearing for the individual without the added expense to the State of setting up new boards or machinery.

The power of the court to modify or set aside the revocation of a petitioner's driving license does not amount to a pardon. In the first place, the revocation of an operator's license under section 18 is not a criminal penalty. It is not a part of the sentence of the court and it is not a punishment for the offense. Rather, the conviction of certain offenses is declared to show—conclusively, to be sure, unless called into question under section 20—the unfitness of the offender to operate a motor vehicle on the public streets and highways. Discretionary power in a board to revoke a pharmacist's license for fraud in obtaining it was upheld as not a delegation of the legislative power to define punishable offenses. *Matter of Mandel* v. *Board of Regents of the University of the State of New York,* 250 N. Y. 173 (164 N. E. 895). Again, a State statute denying persons convicted of felony the right to practice medicine was held not *ex post facto* as increasing the penalty of

one convicted prior to the enactment of the statute. *Hawker* v. *New York*, 170 U. S. 189 (18 Sup. Ct. 573). In the second place, the court in setting aside the revocation does not remit or overrule a uniform and invariable statutory command. The statute itself provides that the initial revocation is to stand only where no determination on the merits is applied for.

The hearing provided in the circuit court as to mandatory revocations is not in any proper sense an appeal from or review of the action of the department of State. The statute does not speak of it as such, but treats the hearing in the circuit court in all respects as an original proceeding. There can, therefore, be no objection on the ground that the legislature has attempted to grant a right of appeal from a nonjudicial body.

Writ granted. Since the question is a public one, no costs will be allowed.

Nelson Sharpe, C. J., and Potter, North, Wiest, and Bushnell, JJ., concurred with Edward M. Sharpe, J.

Fead, J. (*dissenting*). I cannot concur in the opinion of Mr. Justice Edward M. Sharpe.

Revocation of the license of an operator of a motor vehicle is provided in Act No. 91, §§ 18, 19, Pub. Acts 1931. Under section 20, as amended by Act No. 196, Pub. Acts 1933, on petition, the circuit court of the county in which the operator resides has jurisdiction to order hearing "to take testimony and examine into all the facts and circumstances incident thereto," *i. e.*, to the revocation, and "to confirm, modify or set aside such order of suspension, revocation or denial of such license." The general validity of the power so granted the court is not challenged.

Under section 19, revocation is on recommendation of the commissioner of public safety, after notice, hearing and determination by him of the existence of disqualifications or acts specifically set up in the statute. While the formal order of revocation is made by the secretary of State, his duties are purely ministerial and the recommendation of the commissioner is mandatory unless appeal is had to a review board under section 16. The commissioner acts in a *quasi*-judicial capacity. *Glass* v. *State Board of Public Roads*, 44 R. I. 54 (115 Atl. 244). The power of the court at least approaches judicial functions because it involves determination of the existence of specific statutory causes for revocation.

Revocation under section 18 is much different. On filing certificate of conviction of certain offenses or acts under motor vehicle laws or involving the use of motor vehicles, the secretary of State is required to revoke the driver's license. The revocation is mandatory. *People* v. *O'Rourke*, 124 Cal. App. 752 (13 Pac. [2d] 989).

"The facts and circumstances incident" to revocation under section 18 are whether (a) petitioner is the person, (b) who was convicted, (c) of a crime or act enumerated in the section and (d) a certificate of conviction has been filed with the secretary of State. Upon lack of an essential element, the revocation, of course, would be invalid and the court could set it aside. Such inquiry and action are the limits of the power of the court under the language of the statute.

In order to find other power in the court over revocation under section 18, the language of the act must be disregarded and the power inferred. The character of the offenses and acts named in the section is persuasive that the legislature provided mandatory revocation because, in the interest of public

safety and welfare, it felt that persons guilty of them should not be permitted to drive cars upon the highways. And it is an unavoidable inference that the legislature did not intend such revocation to be set aside except for illegality because it provided no other grounds therefor.

Moreover, the act establishes no appropriate machinery for review of such revocation. The petition is filed in the circuit court of the county of the operator's residence. The offense may have been committed in any county of the State. Usually the commissioner of public safety has had no part in the conviction. He is charged with no responsibility for revocation of the license. He has no incentive to sustain revocation as he would have to support his action under section 19. Section 20 requires service only on the secretary of State, whose duties are purely ministerial, and the commissioner. No service is required on any of the officers or persons who had part in the original conviction.

If we infer, nevertheless, that the legislature intended the court to be a sort of pardoning agency, with power to soften the rigors of the statute in deserving(?) cases, what standard or basis of clemency shall we adopt? The circuit courts are entitled to an answer in order that they may administer the law, and the legislature that it may know what the law means and make desired amendments. Shall the basis be general character, or habits in the use of intoxicants, or average conduct, or what? If the court has jurisdiction to modify or set aside a mandatory revocation, other than for illegality, there is no escape from the conclusion that the power is absolute, arbitrary, wholly discretionary and unvexed by limits; because once the court departs from examination of "the facts and circumstances in-

cident" to the revocation, it finds no other statutory stop signs.

Control of the highways is in the legislature. License to operate a motor vehicle on the highway is a privilege, not a right, in the sense that it is subject to regulation under the police power. The power to authorize licenses and to establish the conditions of their issuance is legislative. Power to reinstate a license mandatorily revoked by legislative fiat, for reasons not defined by law, is purely legislative because it includes the authority to name the conditions for reinstatement. The power to grant and revoke under statutory rules is administrative. The inferred power cannot be vested in a court and would invalidate the act. *Koeper* v. *Detroit Street Railway Commission,* 222 Mich. 464; *Thompson* v. *Smith,* 155 Va. 367 (154 S. E. 579, 71 A. L. R. 604).

See, also, 1 Blashfield Encyclopædia of Automobile Law, p. 173; 1 Huddy Encyclopædia of Automobile Law (9th Ed.), p. 481; 42 C. J. p. 747; *State, ex rel. Makris,* v. *Superior Court for Pierce County,* 113 Wash. 296 (193 Pac. 845, 12 A. L. R. 1428); Babbitt Motor Vehicle Law (4th Ed.), p. 222.

It is the duty of the court to adopt such construction, if possible, as will sustain the law. A construction in accord with the language of the act avoids the above constitutional objection. It should be adopted. The jurisdiction of the court as to revocation under section 18 goes only to the question of illegality, to inquiry whether the statutory conditions of the revocation were present.

Writ should be denied, without costs.

Butzel, J., concurred with Fead, J.