93 So.2d 105 (1957)
Dewey Colson SMITH, Petitioner,
v.
CITY OF GAINESVILLE, Respondent.
Supreme Court of Florida, En Banc.
January 23, 1957.
Adhered to on Rehearing March 1, 1957.
J.C. Adkins, Jr., Gainesville, for petitioner.
*106 Lazonby, Dell, Graham & Mills, Gainesville, for respondent.
THORNAL, Justice.
By petition for certiorari, petitioner Smith seeks review of an order of the Circuit Court affirming an order of the Municipal Court of Gainesville revoking his driver's license.
The point for our determination is the constitutionality of Section 322.25(2), Florida Statutes, F.S.A., which authorizes municipal courts to revoke automobile drivers' licenses under certain circumstances.
The facts of the case are not in dispute.
Smith was convicted in the Gainesville Municipal Court of violating an ordinance of that city which makes it unlawful for any person to drive an automobile in an intoxicated condition. By the judgment of conviction, the municipal judge revoked petitioner's driver's license for one year. An appeal to the Circuit Court of Alachua County followed. The judgment of conviction and revocation of the driver's license was affirmed by the Circuit Judge. Review of this order of affirmance is now sought.
Petitioner contends that Section 322.25 (2), Florida Statutes, F.S.A., violates Article V, Section 34 of the Constitution of Florida, F.S.A. He further contends that the assaulted statute is a bill of attainder; that it imposes a double punishment for a single offense, and that it constitutes an improper delegation of authority contrary to the organic laws of this State.
Respondent contends that the statute is not violative of the Constitution, and, on the contrary, that it imposes upon the municipal judge a purely ministerial administrative responsibility.
There can be no doubt that in the regulation of the use of automobiles on the public highways the State has ample power to require motor vehicle operators to obtain drivers' licenses. It likewise has the correlative power to impose reasonable restrictions on the use and enjoyment of the license. This, in turn, involves the power to make proper provision for the suspension or revocation of a driver's license under appropriate conditions and upon the occurrence of stipulated situations. 5 Am.Jur. Automobiles. Sections 151-157; Blashfield Cyclopedia of Automobile Law and Practice, Chap. 12. We, ourselves, have fully recognized this authority. Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740. In the case last cited, we aligned ourselves with those authorities which hold that a driver's license is a privilege, subject to proper regulations. It does not endow the holder thereof with an absolute property right in the use of the public highway. While in Carnegie v. Department of Public Safety, Fla. 1952, 60 So.2d 728, we held that a driver's license cannot be revoked arbitrarily or capriciously, we have nonetheless consistently followed the rule, which appears to be unanimous throughout the country, to the effect that upon a proper showing in accord with the prevailing statutes a motor vehicle operator's license may be revoked. This certainly is as it should be. It would appear to us to be utterly absurd to hold that a man should be allowed to fill his automobile tank with gasoline and his personal tank with alcohol and weave his merry way over the public highways without fear of retribution should disaster ensue, as it so often does. The millions who lawfully use the highways are entitled to protection against the potential tragedy ever lurking, inherent in this type of law breaking. It is this aspect of protecting the public, rather than as punishment for the offender, that courts have unanimously recognized as justification for revoking drivers' licenses upon conviction of certain offenses. True the recalcitrant law violator might feel the pain of the loss of a valuable privilege. However, the imposition of pain is not the objective of this law. On the contrary, its primary *107 purpose is to relieve the public generally of the sometimes death-dealing pain recklessly produced by one who so lightly regards his licensed privilege. In re Probasco, 269 Mich. 453, 257 N.W. 861; 108 A.L.R. 1168. Also see Prichard v. Battle, 178 Va. 455, 17 S.E.2d 393; Department of Public Safety v. Koonce, 147 Fla. 616, 3 So.2d 331. Consequently, we cannot agree with the petitioner that this statute is either double punishment or a bill of attainder.
We must now decide whether it comports with that provision of Article V, Section 34 of the Florida Constitution which authorizes the legislature to establish municipal courts "for the punishment of offences against municipal ordinances."
We have shown that revocation of a driver's license is not regarded as punishment of the offender. Under the applicable statute, it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses. Section 322.26, Florida Statutes, F.S.A. Among these offenses are driving "a motor vehicle while under the influence of intoxicating liquor or a narcotic drug." The mandate applies whether one is convicted by a municipal court of driving while intoxicated in a city or anywhere else by a court of more extensive jurisdiction. When made mandatory by statute, the actual revocation of the license is a mere ministerial or administrative function as distinguished from the exercise of judicial discretion. See Emmertson v. State Tax Commission, 93 Utah 219, 72 P.2d 467, 113 A.L.R. 1174. In revoking the license of the offender, the municipal judge merely follows the mandate of the statute as the administrative representative of the State Department of Public Safety at the municipal level. He has no discretion to exercise. Bartels v. State, 156 Fla. 535, 24 So.2d 40. He is in no sense a State officer. The statute merely imposes this additional duty upon him as an administrative detail supplementary to his judicial functions as a city judge. We find no constitutional objection to the statutory imposition of such duties on a municipal official.
Admittedly, this statute could be much clearer, and it seems to us that those in authority could render a public service if they would bring about a legislative clarification. Furthermore, we are not here called upon to pass on that aspect of the law authorizing suspension of a driver's license by a municipal court. Conceivably, the rule could be different. The provision before us, however, is not considered offensive to the Florida Constitution.
The petition for certiorari is therefore denied.
TERRELL, C.J., and HOBSON, ROBERTS, DREW and O'CONNELL, JJ., concur.
THOMAS, J., not participating, because of illness.