683 So.2d 597 (1996)
Robert Lee McDANIEL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-01991.
District Court of Appeal of Florida, Second District.
November 15, 1996.
ALTENBERND, Judge.
Robert Lee McDaniel, Jr., appeals the summary denial of his motion to correct illegal sentence filed pursuant to rule 3.800. He maintains that the trial court erred in permanently revoking his driver's license. Although we conclude that the trial court incorrectly interpreted section 322.28(2)(e), Florida Statutes (1993), that statute is administrative in nature. An erroneous revocation of a driver's license does not create an illegal sentence. Mr. McDaniel may seek reinstatement of his license pursuant to chapter 322 at a later date.
*598 On October 3, 1994, Mr. McDaniel entered into an open plea of no contest to the charge of DUI manslaughter, a violation of section 316.193(3), Florida Statutes (1993). On November 10, 1994, the trial court sentenced him to 84 months' incarceration, followed by 3 years' probation. As a special condition of probation, the trial court permanently revoked Mr. McDaniel's driver's license. There is no indication in this record that his attorney objected to this condition, and Mr. McDaniel did not appeal the imposition of this condition.
In his motion, Mr. McDaniel alleged that the trial court could not lawfully revoke his license on a permanent basis pursuant to section 322.28(2)(e) because he had only been convicted of one alcohol-related offense. The trial court denied the motion, finding that because Mr. McDaniel "was convicted of DUI manslaughter in violation of § 316.193, he met the requisite criteria for permanent revocation." It is obvious that the trial court construed section 322.28(2)(e) to require a mandatory permanent revocation of Mr. McDaniel's license because his only DUI offense resulted in a death.
In 1993, section 322.28(2)(e) provided in pertinent part:
The court shall permanently revoke the driver's license ... of a person who has been convicted ... of manslaughter resulting from the operation of a motor vehicle or vehicular homicide and who has been convicted of a violation of s. 316.193 or former s. 316.1931.
(Emphasis added.) In comparison, section 322.28(5)(a), Florida Statutes (1993), provided:
Upon a conviction for a violation of s. 316.193(3), a conviction of manslaughter resulting from the operation of a motor vehicle, or a conviction of vehicular homicide, the court shall revoke the driver's license of the person convicted for a minimum of 3 years.
(Emphasis added.)
Section 322.28 was not a model of clarity. Subsection 2(e) referred to section 316.193, but contained no separate reference to section 316.193(3), the DUI manslaughter statute. Subsection 5(a), authorizing a minimum three-year suspension, did expressly refer to section 316.193(3). Logically, one would regard DUI manslaughter as a type of "manslaughter resulting from the operation of a motor vehicle," but the case law suggests that they are two separate offenses. See McCreary v. State, 371 So.2d 1024 (Fla.1979). See also § 782.07, Fla. Stat. (1993). Nevertheless, even if subsection 2(e) were interpreted to include DUI manslaughter within "manslaughter resulting from the operation of a motor vehicle," Mr. McDaniel's single conviction for DUI manslaughter would not fit within the language of the permanent revocation statute in 1993 because it clearly required two separate convictions. The trial court's interpretation of section 322.28(2)(e) renders subsection 5(a) meaningless.
We note that the legislature substantially revised this statute in 1996. See Ch. 96-330, Laws of Fla. Now, a single DUI manslaughter conviction mandates a permanent revocation under section 322.28(2)(e). A person receiving such a revocation may petition the Department of Highway Safety and Motor Vehicles for reinstatement after five years. Ch. 96-330, § 7, Laws of Fla.
Although the trial court erred in imposing a permanent revocation under subsection 2(e), as compared to a limited revocation under subsection 5(a), the question remains whether this error may be corrected on a motion pursuant to rule 3.800(a). The state forcefully argues that the order should be affirmed because revocation is administrative in nature and because section 322.28(5)(a) does not contain an express maximum length of revocation. See generally Davis v. State, 661 So.2d 1193 (Fla.1995) (defining an illegal sentence).
The trial court announced this revocation of Mr. McDaniel's license as a special condition of probation, but we conclude that the revocation is distinct from both the conviction and the sentence. It is well established that the revocation of a driver's license is not the imposition of criminal punishment, but rather "an administrative detail supplementary to" the judicial function. Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla. 1957). See also State v. Walters, 567 So.2d *599 49 (Fla. 2d DCA 1990); Department of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986). Because it is not a "sentence," it cannot be an illegal sentence subject to correction through a 3.800 motion. For this reason, we affirm the trial court's denial of Mr. McDaniel's motion.
In so ruling, we observe that chapter 322 now allows persons to seek reinstatement from either the trial court or the department of a license that has been permanently revoked. Thus, Mr. McDaniel may be able to obtain another driver's license after he is released from prison.
Affirmed.
FRANK, A.C.J., and PATTERSON, J., concur.