THOMPSON, Judge.
Robert N. Davis appeals conditions of probation imposed after he pleaded guilty to driving while intoxicated resulting in death.[1]
We vacate the conditions of probation requiring the payment of investigative costs because the instant record does not contain a request by the state that investigative costs be imposed, or any documentation supporting the imposition of such costs. Pazo v. State, 684 So.2d 898 (Fla. 5th DCA 1996).
We affirm the condition of probation which revokes Davis’ driver’s license for life because a license revocation being “an administrative detail supplementary to the judicial function,” McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996) (quoting Smith v. Gainesville, 93 So.2d 105, 107 (Fla.1957)), it can extend beyond the term of probation. We also affirm the probation conditions which provide that Davis shall not drive or seek a “hardship license”[2] during the term of probation because, although neither constitutes criminal conduct in itself, a court may impose a condition of probation that is reasonably related to the offense or to future criminality. Biller v. State, 618 So.2d 734 (Fla.1993).
This cause is remanded for the reimposition of the costs, if appropriate, upon compliance with the proper procedure.
W. SHARP and GRIFFIN, JJ., concur.

. § 316.193(3), Fla.Stat. (1993).

. § 322.271, Fla. Stat. (1993).