696 So.2d 950 (1997)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Charles GRAPSKI, Appellee.
No. 96-3362.
District Court of Appeal of Florida, Fourth District.
July 16, 1997.
Enoch J. Whitney, General Counsel, Kim Feigin, and Rafael A. Centurion, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for appellant.
Fred Haddad, Fort Lauderdale, for appellee.
GROSS, Judge.
This is an appeal of a final order directing the Florida Department of Highway Safety and Motor Vehicles to reissue a driver's license to Charles Grapski, whose license was revoked for driving under the influence of alcohol.
Grapski was convicted of DUI[1] on September 29, 1993. His driver's license was suspended for six months and he was ordered *951 to attend an alcohol abuse program. In October 1994, the circuit court entered an order releasing Grapski from attending the program, without indicating its reasons.
In January 1995, Grapski filed an affidavit in his criminal case stating that he had presented the Department of Motor Vehicles with the court order releasing him from the DUI school requirement, but the department refused to abide by the order and informed him that he was nonetheless required to take the course.[2] Following a hearing in which the department did not participate because it was not a party and had received no notice, the trial court entered an order requiring the department to issue Grapski a driver's license, or to send a response showing cause why the department was not complying with the order. Even though the department was not a party to the action, to comply with the court's order, it filed a response stating that: 1) pursuant to section 322.291, Florida Statutes, Grapski was statutorily required to present proof of enrollment in a department approved substance abuse education course prior to reinstatement of his driving privilege; and 2) even if the statutory DUI program requirement could be waived, Grapski was ineligible for license restoration because an indefinite suspension remained in effect for failing to comply with Florida's financial responsibility laws.
In May 1996, Grapski filed a motion arguing that the department had refused to obey the court's order compelling the reissuance of Grapski's license. The motion requested that the court enter another order directing the department to reissue the license. Following a hearing in which the department participated, the court clarified the prior order to read that if Grapski was otherwise qualified for a license, failure to attend DUI school was not to be an obstacle. The court then ordered the department to issue Grapski a driver's license if he was otherwise qualified. It is this order that the department appeals.
Section 322.291(1)(a)1, Florida Statutes (1993),[3] provides that when a driving privilege has been revoked for driving under the influence, before the privilege may be reinstated, the driver must "present to the department proof of enrollment in a department-approved advanced driver improvement course or substance abuse education course." The language of the statute is obligatory and does not vest discretion in the trial court to waive the course requirement.
Revocation of a driver's license for DUI is not regarded as punishment of the offender; rather "it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses." Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla.1957); State of Florida Dep't. of Highway Safety and Motor Vehicles v. Vogt, 489 So.2d 1168, 1170 (Fla. 2d DCA 1986). When made mandatory by statute, revocation of a license is an administrative function, as opposed to the imposition of a criminal sentence involving at least some exercise of judicial discretion. In revoking the license, the judge merely follows the mandate of the statute as an administrative representative of the department, without any discretion to exercise. Smith, 93 So.2d at 107; accord Vogt, 489 So.2d at 1170; see also Crawford v. State, 651 So.2d 731, 732 (Fla. 4th DCA 1995). Likewise, when a requirement for reinstatement, such as enrollment in a DUI course, is made mandatory by statute, reinstatement is an administrative function over which the trial court has no discretion. Cf. Smith, 93 So.2d at 107; Vogt, 489 So.2d at 1170.
The declared legislative intent of Chapter 322 is to protect the public. § 322.263, Fla. Stat. (1993). The chapter is to be liberally construed "to the end that the greatest force *952 and effect may be given to its provision for the promotion of public safety." § 322.42, Fla. Stat. (1993). The legislature has determined that, for the protection of the public, a person convicted of DUI must participate in a driver improvement or substance abuse course before being permitted to return to the roads. Allowing the courts to waive the statutory course requirement would undermine the legislative decision that a mandatory educational course will protect the public. It is the duty of the courts and the department to follow the provisions of Chapter 322. Department of Highway Safety and Motor Vehicles v. Bender, 497 So.2d 1332, 1334 (Fla. 2d DCA 1986).
We reverse because the trial court lacked the authority to order the department to reinstate Grapski's license without requiring him to enroll in the statutorily required advanced driver improvement or substance abuse education course. See Department of Highway Safety and Motor Vehicles v. Degrossi, 680 So.2d 1093, 1096 (Fla. 3d DCA 1996); Vogt, 489 So.2d at 1171.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] Grapski was originally charged with a felony, battery on a law enforcement officer, and misdemeanor DUI. The state entered a nolle prosequi on the battery charge and Grapski was sentenced on the DUI only.
[2] The affidavit indicated that on "numerous occasions," Grapski had attempted to enroll in the DUI school, only to be refused by unhelpful bureaucrats. Grapski did not seek administrative relief by appealing under the Florida Administrative Code or by filing a complaint with the department's Bureau of Driver Improvement.
[3] The 1993 version of the statute was in effect at the time of Grapski's conviction and application to the court for reinstatement. The 1995 amendment to the statute does not affect this case. The 1995 version of the statute deletes the language "in addition to passing the complete driver's license examination." § 322.291, Fla. Stat. (1995).