FULMER, Judge.
John P. Auger raises four issues in this' appeal from his convictions for two counts of DUI manslaughter. See § 316.193(3)(c)(3), Fla. Stat. (Supp.1994). We affirm.
Auger first argues that the standard jury instruction was fundamentally defective because it failed to properly explain the causation element of the offense. He asserts that in cases such as this where causation is a contested issue, the standard instruction affirmatively misleads the jury regarding that element. We reject this argument because Auger did not preserve an objection to the jury instructions at trial and we do not *1179 find the giving of the standard instruction to be fundamental error.
We find no merit to Auger’s second argument challenging the scientific reliability of testimony concerning retrograde extrapolation.
In his third issue, Auger argues that the trial court erred in allowing the State to cross-examine him concerning his drinking habits and marital problems. While we agree with Auger that the trial court erred in overruling his objections to this questioning, we conclude that the error was harmless. See § 924.051(7), Fla. Stat. (1997); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, we reject Auger’s challenge to the permanent revocation of his driver’s license as a special condition of probation because that issue was also not raised before the trial court. Further, we need not engage in a fundamental error analysis because the lifetime revocation cannot be considered an illegal sentence. See McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996). Although section 322.28(2)(e), Florida Statutes (1993), authorizes a three-year driver’s license revocation for a DUI manslaughter conviction, the revocation was administrative in nature and not part of the sentence. See id.
Affirmed.
CAMPBELL, A.C.J., and BLUE, J., Concur.