726 So.2d 793 (1999)
STATE of Florida, Appellant,
v.
Vincent SCIBANA, Jeffrey Alan Sondik and Francisco Garcia, Appellees.
Nos. 97-3440, 97-3530, 97-3531
District Court of Appeal of Florida, Fourth District.
January 6, 1999.
Rehearing Denied March 12, 1999.
Michael J. Satz, State Attorney, and J. Scott Raft, Assistant State Attorney, Fort Lauderdale, for appellant.
*794 H. Dohn Williams, Jr. of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for Appellee-Vincent Scibana.
Raag Singhal of Law Offices of Kaplan & Singhal, P.A., Fort Lauderdale, for Appellee-Jeffrey Alan Sondik.
Alexander Kapetanakis, Coral Gables, for Appellee-Francisco Garcia.
KLEIN, J.
A county judge, in a substantial number of DUI cases, back-dated the convictions in order to evade section 322.28(2)(a)1, Florida Statutes (1993), which requires that a driver's license be revoked for no less than 180 days for a first DUI conviction.[1] The back-dating would make it appear to the Department of Motor Vehicles that the suspension had already occurred, and the defendant could obtain a new license immediately after the conviction.
In the three cases before us the state filed motions to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking to impose a new six month license suspension in each case. The county court held that a suspension is not a sentence and thus is not correctable under rule 3.800, but certified the following question to us as one of great public importance:
WHETHER RULE 3.800(a) PERMITS THE CORRECTION OF A DRIVER'S LICENSE SUSPENSION WHICH FAILS TO MEET THE MANDATORY STATUTORY REQUIREMENTS SET OUT IN F.S. 322.28 AS AN "ILLEGAL SENTENCE."
The penalty for a first DUI conviction is provided by section 316.193, Florida Statutes (Supp.1994). The penalty is a fine of $250 to $500, see § 316.193(2)(a)1.a, imprisonment for not more than six months, see § 316.193(2)(a)2.a, probation not to exceed one year, with attendance at a substance abuse course and a public service requirement, see § 316.193(5) & (6)(a), and the impoundment or immobilization of a vehicle for ten days, see § 316.193(5) & (6)(d).
There is no provision in section 316.193 for revocation of the defendant's driver's license. Rather that occurs by virtue of section 322.28(2)(a) 1, Florida Statutes (1993), which provides:
(2) In a prosecution for a violation of s. 316.193 or former s. 316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted and shall prescribe the period of such revocation in accordance with the following provisions:
1. Upon a first conviction for a violation of the provisions of s. 316.193, except a violation resulting in death, the driver's license or driving privilege shall be revoked for not less than 180 days or more than 1 year.
The reverse of the situation in the present case was presented in McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996), in which the defendant was attempting to use rule 3.800 to argue that the trial court had erred in permanently revoking his driver's license pursuant to that portion of Chapter 322 pertaining to DUI manslaughter. In contrast to the position the state is taking in the present case, the state argued in McDaniel that license revocation may not be corrected under rule 3.800(a) because revocation is administrative in nature, and therefore not a sentence. In agreeing with the state's argument, and denying relief under rule 3.800, the second district stated:
It is well established that the revocation of a driver's license is not the imposition of criminal punishment, but rather "an administrative detail supplementary to" the judicial function. Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla.1957). See also State v. Walters, 567 So.2d 49 (Fla. 2d DCA 1990); Department of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986). Because it is not a "sentence," it cannot be an illegal sentence subject to correction through a 3.800 motion. *795 Id. at 598-99. See also State, Dep't. of Highway Safety and Motor Vehicles v. Degrossi, 680 So.2d 1093 (Fla. 3d DCA 1996)(suspension of driver's license is administrative remedy separate and apart from sentence imposed for criminal conviction); and State, Department of Highway Safety and Motor Vehicles v. Bender, 497 So.2d 1332 (Fla. 2d DCA 1986)(section 322.28 is not penal in nature).
We agree with the above cases, and hold that rule 3.800 is not available to correct the driver's license revocation aspect of the proceedings involving the appellees.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] According to the opinion removing the judge from office, she did this in about fifty cases. In re Johnson, Inquiry Concerning a Judge, 692 So.2d 168 (Fla.1997).