860 So.2d 469 (2003)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Paula GORDON, Respondent.
No. 1D03-0449.
District Court of Appeal of Florida, First District.
October 31, 2003.
Rehearing Denied December 8, 2003.
*470 Judson M. Chapman, Assistant General Counsel; Dept. of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.
David M. Robbins, and Susan Z. Cohen; Epstein & Robbins, Jacksonville, for Respondent.
HAWKES, J.
The issue before us involves Respondent, Paula Gordon's plea to the criminal charge of driving under the influence of alcohol (DUI), and the administrative procedure that resulted in the suspension of her privilege to drive. Petitioner, the Department of Highway Safety and Motor Vehicles (the Department), seeks certiorari review of the trial court's grant of certiorari to Gordon, after the trial court concluded the Department was bound by the plea agreement entered between Gordon and the assistant state attorney. We find the trial court departed from the essential requirements of law by granting Gordon's petition for writ of certiorari.
Pursuant to a plea agreement with the state attorney's office, Gordon pled no contest and was convicted for her second DUI. Both the assistant state attorney and defense counsel represented to the court that Gordon's conviction occurred more than five years after her first conviction. Accordingly, Gordon was sentenced consistent with the mandatory minimum penalties for a second DUI committed more than five years from her previous offense, and her drivers' license was revoked for only six months. Her plea agreement with *471 the state attorney's office only resolved her criminal case. Any bargain a defendant may strike in a plea agreement in a criminal case has no bearing on administrative consequences that flow from the defendant's actions. See generally, State v. McFarland, 28 Fla. L. Weekly D2298, ___So.2d ___, 2003 WL 22259634 (Fla. 1st DCA, Oct. 3, 2003).
The record indicates Gordon's DUI convictions were actually only one year and two months apart. The Department notified Gordon that her license was administratively revoked for five years, as required by section 322.28(2)(a)2., Florida Statutes (2000).
Gordon sought certiorari review, arguing that, because the Department was an agent of the State of Florida, it was bound by the plea agreement between Gordon and the state attorney's office. The trial court agreed, and ordered the Department to reinstate Gordon's driver's license. In so doing, the trial court departed from the essential requirements of law.
The administrative revocation of a driver's license for DUI is not "punishment" of the offender. See Dep't of Highway Safety & Motor Vehicles v. Grapski, 696 So.2d 950, 951 (Fla. 4th DCA 1997). Rather "it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses." Id. (quoting Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla.1957)); see also Dep't. of Highway Safety and Motor Vehicles v. Vogt, 489 So.2d 1168, 1170 (Fla. 2d DCA 1986). When a driver's license revocation is made mandatory by statute, revocation is an administrative function rather than the imposition of a criminal sentence. See Grapski, 696 So.2d at 951.
Here, Gordon had two DUI convictions within a five year period. Thus, the statute mandated her driver's license be suspended for at least five years. See § 322.28(2)(a)2., Fla. Stat. Based on the plain language of the statute, a criminal sentence is separate and distinct from a mandatory administrative revocation. See id. Accordingly, the administrative revocation, which is designed to protect the public, cannot be negotiated away as part of a criminal sentence in a plea agreement.
The Department's Petition for Writ of Certiorari is GRANTED, and the case REMANDED for the trial court to reinstate the Department's Order of Revocation.
BROWNING, and POLSTON, JJ., Concur.