891 So.2d 1202 (2005)
Albert HILL, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 4D04-4330.
District Court of Appeal of Florida, Fourth District.
February 2, 2005.
*1203 Richard W. Springer and Catherine Mazzullo of Richard W. Springer, P.A., Palm Springs, for petitioner.
No response required for respondent.
WARNER, J.
Petitioner, Albert Hill, seeks review of the circuit court order denying his petition for review of an order of the Department of Highway Safety and Motor Vehicles that refused his request for driver's license reinstatement. Hill's license was permanently revoked as a result of his conviction for DUI manslaughter in violation of section 316.193(3)(c)3., Florida Statutes. The Department found that he was statutorily ineligible for reinstatement because, in addition to the DUI manslaughter conviction, Hill had previously been convicted of driving under the influence in 1987. The appellate division of the circuit court denied Hill's petition. We deny review, concluding that the circuit court did not depart from the essential requirements of law.
Hill cites McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996), as support for his position that he is eligible for reinstatement. In that case, the court found an individual was eligible for reinstatement based upon the law in effect in 1996. However, the applicable law is the law in effect at the time the application for license reinstatement is made. Cantrall v. Dep't of Highway Safety & Motor Vehicles, 828 So.2d 1062, 1063 (Fla. 2d DCA 2002). As Hill's application was made in April 2004, the law in effect at that time was section 322.271(4), Florida Statutes (2003), which provides:
[A] person whose driving privilege has been permanently revoked because he or she has been convicted of DUI manslaughter in violation of s. 316.193 and has no prior convictions for DUI-related offenses may, upon expiration of 5 years after the date of such revocation or the expiration of 5 years after the termination of any term of incarceration under s. 316.193 or former s. 316.1931, whichever date is later, petition the department for reinstatement of his or her driving privilege.
(Emphasis added). Thus, Hill's 1987 conviction precludes reinstatement of his driving privileges.
Petition denied.
GROSS and TAYLOR, JJ., concur.