913 So.2d 1176 (2005)
Ott CORNELIUS, II, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4433.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
Richard W. Springer and Catherine Mazzullo of Richard W. Springer, P.A., Palm Springs, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant *1177 Attorney General, West Palm Beach, for appellee.

EN BANC
PER CURIAM.
Ott Cornelius, II, seeks review of an order denying his Florida Rule of Criminal Procedure 3.850 motion. At issue is Cornelius's challenge to his plea as involuntary in light of the Legislature's enactment, effective July 1, 1998, of section 322.271, Florida Statutes, which prevents persons with lifetime driver's license suspensions from applying for work permit licenses. § 322.271, Fla. Stat. (Supp.1998). Because the denial of an application for a work permit license is not a direct consequence of the plea, we affirm.
Cornelius entered into a plea in 1997 to resolve a felony DUI charge. As part of his change of plea, he agreed to a lifetime revocation of his driver's license. In the rule 3.850 motion under review, Cornelius alleges that he did so because counsel advised him that he could apply for a work permit license after five years. This was a correct statement of law at the time. See § 322.271(2)(b), Fla. Stat. (1997).
At the plea conference, the trial court informed defendant that his license was revoked for life. Thus, the court informed him of the direct consequence of his plea. See Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998).
Effective July 1, 1998, the Legislature changed the law to eliminate the opportunity to apply for a work permit license for individuals with lifetime suspensions. See § 322.271, Fla. Stat. (Supp.1998). Absent an application pending at the time, no additional permits were to issue. Cornelius was not eligible to apply for the work permit license until after the effective date of the statute's amendment. Because the applicable law is the law in effect at the time the application for license reinstatement is made, Cornelius was precluded from reinstatement of his driving privileges. See Hill v. Dep't of Highway Safety & Motor Vehicles, 891 So.2d 1202 (Fla. 4th DCA 2005).
The trial court summarily denied Cornelius's postconviction relief motion, which alleged his plea was involuntary based upon the change of the license reinstatement statute. The court found that there was a conflict within this court on the issue of whether a driver's license suspension is a direct or collateral consequence of the plea. Compare State v. Scibana, 726 So.2d 793, 794-95 (Fla. 4th DCA 1999), with Prianti v. State, 819 So.2d 231, 232 (Fla. 4th DCA 2002) (citing Daniels, 716 So.2d at 828). Because neither of these cases dealt with a license reinstatement, they are distinguishable.
In Daniels we explained:
Florida Rule of Criminal Procedure 3.170(k) requires the trial court to determine that a defendant's plea is voluntary. One aspect of a voluntary plea is that the defendant understand the reasonable consequences of his plea, including "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fla.R.Crim.P. 3.172(c)(1); Ashley v. State, 614 So.2d 486, 488 (Fla.1993). However, a trial court is required to inform a defendant only of the direct consequences of the plea, and is under no duty to advise the defendant of any collateral consequences. See State v. Ginebra, 511 So.2d 960, 961 (Fla.1987); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995), rev. den., Fox v. State, 668 So.2d 602 (Fla.1996). In Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982), this court adopted the fourth circuit's definition of a "direct consequence" of a plea:

*1178 "The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.1973) cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973).
716 So.2d at 828 (emphasis supplied).[1] Because the license revocation "was definite, immediate, and automatic upon Daniels' conviction," we held that the revocation was a "consequence" of the plea and a "penalty" within the contemplation of rule 3.172(c)(1). Id. at 829. Therefore, prior to taking the plea the trial court was obligated to determine that the defendant understood that he was subject to license revocation. Id.
In this case defendant agreed to the license revocation as part of his plea. The final judgment included the provision LICENSE REVOKED FOR LIFE. The trial judge informed defendant of the direct consequences and the penalties to be applied.
The possibility of a reinstatement of driving privileges is not a direct consequence of the plea. Reinstatement depends upon the department's review of the applicant's entire driving record and fitness to drive. The granting of a work permit was not automatic, even under the statute in existence at the time of defendant's plea. It is an administrative proceeding and not part of the criminal proceeding.
Had the opportunity to apply for a work permit been crucial to his agreement to plead guilty, then it should have been part of the plea bargain. It was not, and nothing in the plea hearings or plea agreement even mentions reinstatement.
We affirm the denial of postconviction relief. We recede from Bilogan v. State, 802 So.2d 459 (Fla. 4th DCA 2001), to the extent that it suggests that these allegations may constitute grounds for relief and an evidentiary hearing.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, SHAHOOD, GROSS, TAYLOR, HAZOURI, MAY, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree entirely with the majority opinion. I am writing to point out that section 322.271, Florida Statutes (Supp.1998) may, as applied to Cornelius, violate the ex post facto provision of the Florida Constitution, Article I, section 10. In Dugger v. Williams, 593 So.2d 180, 181 (Fla.1991), the Florida Supreme Court stated:
In Florida, a law or its equivalent violates the prohibition against ex post facto laws if two conditions are met: (a) it is retrospective in effect; and (b) it diminishes a substantial substantive right the party would have enjoyed under the law existing at the time of the alleged offense. Art. I, § 10, Fla. Const.; Waldrup v. Dugger, 562 So.2d 687, 691 (Fla.1990). There is no requirement that the substantive right be "vested" or absolute, since the ex post facto provision can be violated even by the retroactive diminishment of access to a purely discretionary or conditional advantage. Waldrup, 562 *1179 So.2d at 692. Such might occur, for example, if the legislature diminishes a state agency's discretion to award an advantage to a person protected by the ex post facto provision. This is true even when the person has no vested right to receive that advantage and later may be denied the advantage if the discretion otherwise is lawfully exercised. Id. In other words, the error occurs not because the person is being denied the advantage (since there is no absolute right to receive it in the first place), but because the person is denied the same level of access to the advantage that existed at the time the criminal offense was committed.
Accordingly, although appellant cannot obtain relief from his plea, he may be able to demonstrate that the statute is unconstitutional as applied to him and apply for a work permit license under the statute in effect at the time of his conviction.
NOTES
[1] In Nordelus v. State, 889 So.2d 910 (Fla. 4th DCA 2004), we adhered to Daniels and certified conflict with State v. Caswell, 28 Fla. L. Weekly D2492, ___ So.2d ___, 2003 WL 22460275 (Fla. 1st DCA Oct. 31, 2003).