946 So.2d 1140 (2006)
James LESCHER, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 4D06-2291.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*1141 Richard W. Springer and Catherine Mazzullo of Richard W. Springer, P.A., Palm Springs, for petitioner.
Heather Rose Cramer, Lake Worth, and Thomas C. Mielke, Miami, for respondent.
PER CURIAM.
Petitioner's Florida driver's license was permanently revoked on December 1, 2000, based on his four prior DUI convictions. He applied for reinstatement of his license on hardship grounds on August 3, 2005, as authorized by a statute which is no longer in effect. His application was denied administratively and upheld by the circuit court. We deny his petition for certiorari.
In the past, section 322.271(4), Florida Statutes, authorized a person whose license had been revoked for four or more DUI's to seek a hardship license after five years of revocation of the license. That provision was eliminated by Chapter 98-223, Laws of Florida, in 1998; but Chapter 98-223 was later held unconstitutional for violating the single subject requirement of the Florida Constitution. Art. III, § 6, Fla. Const.; Fla. Dep't of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003).
The legislature then adopted the provision as an amendment to section 322.271(4), effective July 1, 2003. The State acknowledges that there was a "window" during which a hardship license could have been requested, as a result of Critchfield, but that period closed on July 1, 2003, when the amendment held unconstitutional in Critchfield was reenacted.
In this case petitioner applied for reinstatement of his driver's license as a hardship on August 3, 2005. Under Cantrall v. Department of Highway Safety & Motor Vehicles, 828 So.2d 1062 (Fla. 2d DCA 2002), the statute in effect at the time of application for reinstatement of a driver's license controls, not the statute in effect when the driver's license was revoked. We agree with Cantrall. Hill v. Dep't of Highway Safety & Motor Vehicles, 891 So.2d 1202 (Fla. 4th DCA 2005).
Petitioner argues that when the legislature reenacted the law effective July 1, 2003, the elimination of the hardship license violated the ex post facto prohibition in the Florida Constitution, Article I, section 10, as to him. Petitioner's driver's license was permanently revoked in 2000. Petitioner primarily relies on Judge Klein's concurring opinion in Cornelius v. State, 913 So.2d 1176 (Fla. 4th DCA 2005). In Cornelius this court held that the elimination of the hardship license would not be a basis for withdrawal of a plea in which the defendant had agreed to a lifetime revocation of his driver's license. In Cornelius, we held en banc:
The possibility of a reinstatement of driving privileges is not a direct consequence of the plea. Reinstatement depends upon the department's review of the applicant's entire driving record and fitness to drive. The granting of a work permit was not automatic, even under the statute in existence at the time of defendant's plea. It is an administrative proceeding and not part of the criminal proceeding.
Id. at 1178. The concurring opinion in Cornelius suggested that when the defendant applied for a hardship license, he might have an argument that the amendment, as applied to him, was unconstitutional as an ex post facto law. In one of the cases cited in the concurring opinion, *1142 on which petitioner relies, Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), the Florida Supreme Court held that an amendment to a statute which resulted in a decrease in incentive gain time for prisoners could not be constitutionally applied retroactively because it would be an ex post facto violation.
The State points out that in Waldrup, the ex post facto violation occurred because the punishment for a criminal offense was being increased after the crime had been committed. The administrative revocation of a driver's license for DUI, however, is not punishment. In Department of Highway Safety & Motor Vehicles v. Gordon, 860 So.2d 469, 471 (Fla. 1st DCA 2003), rev. denied, 872 So.2d 899 (Fla.2004), the court explained:
The administrative revocation of a driver's license for DUI is not "punishment" of the offender. See Dep't of Highway Safety & Motor Vehicles v. Grapski, 696 So.2d 950, 951 (Fla. 4th DCA 1997). Rather "it is an administrative remedy for the public protection that mandatorily follows conviction for certain offenses." Id. (quoting Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla.1957)); see also Dep't. of Highway Safety and Motor Vehicles v. Vogt, 489 So.2d 1168, 1170 (Fla. 2d DCA 1986). When a driver's license revocation is made mandatory by statute, revocation is an administrative function rather than the imposition of a criminal sentence. See Grapski, 696 So.2d at 951.
The Supreme Court of Florida has held that a law violates ex post facto clauses of the United States and Florida Constitutions "when it increases the punishment for a criminal offense after the crime has been committed. See U.S. Const. art. I, § 9; U.S. Const. art. I, § 10, cl. 1, § 10, Fla. Const." Goad v. Fla. Dep't of Corr., 845 So.2d 880, 882 (Fla.2003) (ruling that the retroactive application of a statute authorizing inmates' civil liability for costs of incarceration to the existing inmate population did not violate ex post facto prohibitions).
Because the ex post facto clauses of the United States and Florida Constitutions apply only to criminal legislation and proceedings, Goad, 845 So.2d at 882, and driver's license revocation has been held not to be criminal punishment, the amendment eliminating the hardship license, when applied to petitioner, is not unconstitutional as an ex post facto law.
Because we are seeing a number of petitions raising this issue, and anticipate that other districts will also face the same issue, we certify the following question as one of great public importance:
Does the amendment to section 322.271(4), Florida Statutes, which eliminated hardship driver's licenses effective July 1, 2003, violate the prohibition against ex post facto laws as to persons who could have applied for a hardship license before the amendment became effective?
Petition for Certiorari Denied.
GUNTHER and SHAHOOD, JJ., concur.
KLEIN, J., dissents with opinion.
KLEIN, J., dissenting.
The cases relied on by the majority for the proposition that the revocation of a driver's license for DUI is not punishment all stem from Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957). The issue in Smith was whether, under a statute requiring license revocation, a municipal court judge could revoke the license, where the Florida Constitution limited municipal courts to punishing offenses which violated municipal ordinances. The court stated that under the statute the license *1143 revocation was an administrative remedy to protect the public, not a punishment.
Shortly after Smith, however, in Miami v. Aronovitz, 114 So.2d 784, 787 (Fla.1959), our supreme court used language consistent with the revocation being penal:
We judicially know that as originally contemplated the drivers' license requirement was enacted primarily as a source of revenue to finance the maintenance of the State Department of Public Safety. Time has proven, however, that because of the severe penalties attendant upon serious traffic violations, including suspension or revocation of drivers' licenses, this requirement has become an essential segment of our laws for the control and prevention of traffic accidents and fatalities. The public records reveal that during the first six months of the current calendar year over two and one-half million drivers' licenses had been issued in Florida. It is a privilege to hold a license to drive. It is a severe handicap to be compelled to do without one. Suspension or revocation of drivers' licenses is one of the most effective measures to compel observance of the traffic laws.
This court also has characterized the revocation of a driver's license as a penalty. In Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998), a defendant who had entered a plea to drug possession moved to withdraw his plea because he had not been informed that as a result of his plea his driver's license would be revoked under section 322.055(1), Florida Statutes (1997). Judge Gross wrote for the court:
Florida Rule of Criminal Procedure 3.170(k) requires the trial court to determine that a defendant's plea is voluntary. One aspect of a voluntary plea is that the defendant understand the reasonable consequences of his plea, including "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fla. R.Crim. P. 3.172(c)(1); Ashley v. State, 614 So.2d 486, 488 (Fla.1993). However, a trial court is required to inform a defendant only of the direct consequences of the plea, and is under no duty to advise the defendant of any collateral consequences. See State v. Ginebra, 511 So.2d 960, 961 (Fla.1987); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995), rev. den., Fox v. State, 668 So.2d 602 (Fla.1996). In Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982), this court adopted the fourth circuit's definition of a "direct consequence" of a plea:
"The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.) cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973).
In this case, the two year license revocation mandated by section 322.055(1) was definite, immediate, and automatic upon Daniels' conviction. The revocation was a "consequence" of the plea under Ashley and a "penalty" contemplated by Rule 3.172(c)(1).
Daniels, 716 So.2d at 828-29.
We used the same Daniels analysis in Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001), where the revocation of the driver's license was for DUI. Our conclusion in Daniels that the revocation of a driver's license is a direct, not a collateral consequence of a guilty plea, is in conflict with State v. Bolware, 28 Fla. L. Weekly D2493, ___ So.2d ___, 2003 WL 22460271 (Fla. 1st DCA Oct. 31, 2003), and the *1144 Florida Supreme Court has granted review. Bolware v. State, 924 So.2d 806 (Fla.2006).
Our current driver's license revocation statutes provide that, after a first DUI conviction, revocation shall be for six months to one year, and that on second, third, and fourth violations, the periods of revocation increase, with a lifetime revocation following a fourth DUI conviction. § 322.28(2), Fla. Stat. (2006). This escalation, depending on the number of prior offenses, which was not in the 1957 statute addressed in Smith, smacks of punishment to me. I cannot agree that the purpose of our current statute is only for the protection of the public. Even where the legislative intent is for a remedy to be civil, a statute can be so punitive as to be deemed criminal and subject to ex post facto principles. Goad v. Fla. Dep't of Corr., 845 So.2d 880, 884 (Fla.2003).
The fact that issuance of a hardship license is discretionary does not preclude the application of ex post facto principles. In Dugger v. Williams, 593 So.2d 180, 181 (Fla.1991), the Florida Supreme Court stated:
In Florida, a law or its equivalent violates the prohibition against ex post facto laws if two conditions are met: (a) it is retrospective in effect; and (b) it diminishes a substantial substantive right the party would have enjoyed under the law existing at the time of the alleged offense. Art. I, § 10, Fla. Const.; Waldrup v. Dugger, 562 So.2d 687, 691 (Fla.1990). There is no requirement that the substantive right be "vested" or absolute, since the ex post facto provision can be violated even by the retroactive diminishment of access to a purely discretionary or conditional advantage. Waldrup, 562 So.2d at 692. Such might occur, for example, if the legislature diminishes a state agency's discretion to award an advantage to a person protected by the ex post facto provision. This is true even when the person has no vested right to receive that advantage and later may be denied the advantage if the discretion otherwise is lawfully exercised. Id. In other words, the error occurs not because the person is being denied the advantage (since there is no absolute right to receive it in the first place), but because the person is denied the same level of access to the advantage that existed at the time the criminal offense was committed.
I would hold that the revocation of a driver's license for a DUI is a penalty, and that the elimination of the hardship license in 2003 is an ex post facto violation as to petitioner, whose license was revoked in 2000.