PER CURIAM.
Appellant challenges the trial court’s denial of his motion to correct an illegal sentence. The trial court denied the motion, concluding that the sentence was neither illegal nor ambiguous. We affirm.
In his motion, appellant sought to clarify the authority for the permanent revocation of his driver’s license that occurred with his 1995 plea to felony driving under the influence, in violation of section 316.193(2)(b), Florida Statutes. Pursuant to the plea the trial court imposed a six month jail term and appellant understood that the maximum penalties included a $1,000 fíne, court costs, adjudication, and a “life D/L suspension.” The order added that “[i]n imposing the above sentence, the court further orders Drivers License revoked for Life.” The “lifetime” revocation is the subject of appellant’s motion, which the trial court denied, concluding correctly that the sentence was neither illegal nor ambiguous.
Prompting appellant’s motion is the fact that effective October 1, 2010, a person subject to permanent revocation for having four or more DUIs may apply for a permit after five years. See § 322.271(5), Fla. Stat. (2010). Appellant alleges that the DMV is construing his sentencing documents in a way that imposes a continuing penalty on him such that he is not eligible to apply for a permit, even if he can meet the requirements for the DMV’s discretionary exercise. Appellant argues that the revocation was not the result of the mandatory provisions of section 322.28(2)(e), but rather under the broad and discretionary language of section 316.655(2), which would allow the DMV to consider his application.
Appellant’s claim is not properly a rule 3.800(a) challenge to an illegal sentence. See, e.g., Auger v. State, 725 So.2d 1178, 1179 (Fla. 2d DCA 1998) (lifetime revocation could not be considered illegal sentence; although statute authorized three-year license revocation for DUI manslaughter, revocation was administrative in nature and not part of sentence); McDaniel v. State, 683 So.2d 597, 598-99 (Fla. 2d DCA 1996) (permanent revocation of a defendant’s driving privileges is not considered a criminal punishment, but rather an administrative detail supplementary to the judicial function).
We therefore affirm, without prejudice to appellant bringing any administrative claims he may have. We note that in *654 his brief he also raised a conflict between the oral pronouncement and the written sentence. Because this was not raised in the trial court, we do not consider it on appeal.
WARNER, DAMOORGIAN and GERBER, JJ., concur.