# Third District Court of Appeal

## State of Florida

Opinion filed February 04, 2015.

_____

No. 3D14-1296
Lower Tribunal No. 09-35363
_____

**Ariel Bueno,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ariana Fajardo, Judge.

Ariel Bueno, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

PER CURIAM.

**ON MOTION FOR CLARIFICATION**

Upon the State's motion for clarification, we withdraw our previously-issued opinion and substitute the following opinion in its stead.

Appellant, Ariel Bueno, appeals from an order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). After Bueno filed his initial brief, we directed the State to file an answer brief addressing whether the judgment and sentence accurately reflects the oral pronouncement made by the trial court at the time of sentencing. In its answer brief, the State acknowledges that the judgment and sentence do not conform to the trial court's oral pronouncement[1], but correctly points out that Bueno did not raise this issue in the trial court, and we therefore do not consider it on appeal. Stangarone v. State, 94 So. 3d 652 (Fla. 4th DCA 2012).

As to the issues which Bueno did raise in his motion below and on appeal, we find they are without merit and affirm the trial court's order denying same. Our affirmance is without prejudice to the filing, by either party, of a motion to correct illegal sentence to the extent the written judgment and sentence conflicts with the

---

[1] In its oral pronouncement (as set forth in the transcript of the plea colloquy), Bueno agreed to, and the trial court imposed, a prison sentence of twenty-five years as to Count One, and a consecutive term of fifteen years' probation as to Count Two. This oral pronouncement was consistent with the negotiated terms of the written plea agreement between the State and Bueno, and was notated in the Criminal Punishment Code Scoresheet setting forth the terms of the sentence imposed. However, the written sentence reflects concurrent sentences of twenty-five years' prison as to both Count One and Count Two, and fails to include a separate order of probation.

2

oral pronouncement. See Fla. R. Crim. P. 3.800(a) (providing that "[a] court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . .");

Williams v. State, 957 So. 2d 600 (Fla. 2007) (holding that where it is apparent from the face of the record that a written sentence conflicts with the oral pronouncement, relief is properly sought by a motion to correct illegal sentence under rule 3.800(a)). Affirmed without prejudice.